United States District Court

Eastern District of California

O. Z. Martin,

     Plaintiff,                    No. Civ. S 05-0934 FCD PAN P

  vs.                           Order

Edward Almeida, et al.,

     Defendants.

-oOo-

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  He seeks leave to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submits an affidavit showing he is unable to pay the cost of suit and makes a showing he has requested prison officials to submit the required trust account statement but they have declined so to do.  Accordingly, I find plaintiff makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

1  Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the
2 $250 filing fee required by 28 U.S.C. § 1914(a).  Plaintiff must
3 make monthly payments of 20 percent of the preceding month's
4 income credited to his trust fund account. 28 U.S.C. §
5 1915(b)(2).  The agency having custody of plaintiff shall forward
6 payments from plaintiff's account to the clerk of the court each
7 time the amount in the account exceeds $10 until the filing fee
8 is paid.
9  I have reviewed plaintiff's complaint pursuant to 28 U.S.C.
10 § 1915A and find it states a cognizable claim against defendants
11 Tan, Leftwich, S. O. Obedoza, Tessie R. Rallos, G. Cassey, G.
12 Croll and Alvaro C. Traquina.
13  The complaint states no cognizable claim against defendants
14 Edward Almeida or Tom L. Carey.  Plaintiff's claims against these
15 defendants are dismissed.
16  Plaintiff may proceed forthwith to serve defendants Tan,
17 Leftwich, S. O. Obedoza, Tessie R. Rallos, G. Cassey, G. Croll
18 and Alvaro C. Traquina and pursue his claims against only those
19 defendants or he may delay serving any defendant and attempt to
20 state a cognizable claim against defendants Edward Almeida and
21 Tom L. Carey.
22  If plaintiff elects to attempt to amend his complaint to
23 state a cognizable claim against defendants Edward Almeida and
24 Tom Carey, he has 45 days so to do.  He is not obligated to amend
25 his complaint and if he does it unavoidably will delay this
26 litigation.

1  If plaintiff elects to proceed forthwith against defendants
2 Tan, Leftwich, S. O. Obedoza, Tessie R. Rallos, G. Cassey, G.
3 Croll and Alvaro C. Traquina, against whom he has stated a
4 cognizable claim for relief, then within 15 days he must return
5 materials for service of process enclosed herewith.  In this
6 event the court will construe plaintiff's election as consent to
7 dismissal of all claims against defendants Edward Almeida and Tom
8 L. Carey without prejudice.

9  Any amended complaint must show the federal court has
10 jurisdiction, the action is brought in the right place and
11 plaintiff is entitled to relief if plaintiff's allegations are
12 true.  It must contain a request for particular relief.
13 Plaintiff must identify as a defendant only persons who
14 personally participated in a substantial way in depriving
15 plaintiff of a federal constitutional right.  Johnson v. Duffy,
16 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to
17 the deprivation of a constitutional right if he does an act,
18 participates in another's act or omits to perform an act he is
19 legally required to do that causes the alleged deprivation).  If
20 plaintiff contends he was the victim of a conspiracy, he must
21 identify the participants and allege their agreement to deprive
22 him of a specific federal constitutional right.

23  In an amended complaint, the allegations must be set forth
24 in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may
25 join multiple claims if they are all against a single defendant.
26 Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim

3

based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  It is sufficient, for example, for a prisoner who claims the conditions of his imprisonment violate the Eighth Amendment prohibition against cruel and unusual punishment to allege that an identified state actor used force against plaintiff maliciously and sadistically for the very purpose of

1  causing harm.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).
2  (On the other hand, prison officers imposing discipline act in
3  haste, under pressure and without the luxury of a second chance;
4  therefore, no Eighth Amendment violation occurs where force is
5  applied to maintain or restore discipline but not maliciously and
6  sadistically.)

7    The court (and defendant) should be able to read and
8  understand plaintiff's pleading within minutes.  McHenry, supra.
9  A long, rambling pleading including many defendants with
10 unexplained, tenuous or implausible connection to the alleged
11 constitutional injury, or joining a series of unrelated claims
12 against many defendants, very likely will result in delaying the
13 review required by 28 U.S.C. § 1915 and an order dismissing
14 plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation
15 of these instructions.

16   If plaintiff's pleading is deficient on account of an
17 omission or technical defect, the court will not dismiss it
18 without first identifying the problem and giving plaintiff an
19 opportunity to cure it.  Noll v. Carlson, 809 F.2d 1446 (9th Cir.
20 1986).  Plaintiff's pleading will be construed "liberally" to
21 determine if plaintiff has a claim but it will be dismissed if
22 plaintiff violates the federal rules, once explained, or the
23 court's plain orders.

24   An amended complaint must be complete in itself without
25 reference to any prior pleading.  Local Rule 15-220; see Loux v.
26 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an

amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing a first-amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders.  See 15 Cal. Admin. Code § 3005.

Title 42 of the United States Code § 1997e(a) provides that a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  15 California Administrative Code § 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.  Plaintiff further is admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this

rule plaintiff risks dismissal of his entire action, including his claims against defendants Tan, Leftwich, S. O. Obedoza, Tessie R. Rallos, G. Cassey, G. Croll and Alvaro C. Traquina.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250 for this action. The fee shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections filed concurrently herewith.

3. Claims against defendants Edward Almeida and Tom L. Carey are dismissed with leave to amend. Within 45 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint and if he does it inevitably will delay this litigation.

4. The pleading states cognizable claims against defendants Tan, Leftwich, S. O. Obedoza, Tessie R. Rallos, G. Cassey, G. Croll and Alvaro C. Traquina. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed May 12, 2005, seven USM-285 forms and instructions for service of process on defendants Tan, Leftwich, S. O. Obedoza, Tessie R. Rallos, G. Cassey, G. Croll and Alvaro C. Traquina. Within 15 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and eight copies

1 of the May 12, 2005, complaint.  The court will transmit them to
2 the United States Marshal for service of process pursuant to Fed.
3 R. Civ. P. 4.  Defendants Tan, Leftwich, S. O. Obedoza, Tessie R.
4 Rallos, G. Cassey, G. Croll and Alvaro C. Traquina will be
5 required to respond to plaintiff's allegations within the
6 deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the
7 court will construe plaintiff's election to proceed forthwith as
8 consent to an order dismissing his defective claims against
9 defendants Edward Almeida and Tom Carey without prejudice.

    Dated:  July 12, 2005.

                               /s/ Peter A. Nowinski
                              PETER A. NOWINSKI
                              Magistrate Judge

United States District Court

Eastern District of California

O. Z. Martin,

        Plaintiff,               No. Civ. S 05-0934 FCD PAN P

  vs.                         Notice of Submission of Documents

Edward Almeida, et al.,

        Defendants.

                              -oOo-

   Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

     __1__    completed summons form

     __7__    completed forms USM-285

     __8__    copies of the ___May 12, 2005___
                                      Complaint

Dated: _____

                                _____
                                Plaintiff